UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HOWARD COHAN,

   Plaintiff,

vs.                                                         INJUNCTIVE RELIEF SOUGHT

QUARTERDECK SAWGRASS LC AND
QUARTERDECK LAS OLAS LC, d/b/a
QUARTERDECK SEAFOOD BAR & GRILL

   Defendant(s)
_____/

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues QUARTERDECK SAWGRASS LC AND QUARTERDECK LAS OLAS LC, d/b/a QUARTERDECK SEAFOOD BAR & GRILL, ("Defendant"), for declaratory and injunctive relief, attorney's fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also*, 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

2.     Venue is proper in this Court, Southern District of Florida, Fort Lauderdale, Broward County Division, pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court for the Southern

District of Florida in that all events giving rise to this lawsuit occurred in cities of Plantation and Sunrise, Broward County, Florida.

## PARTIES

3. Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

4. Upon information and belief, Defendant, Quarterdeck Sawgrass LC is the lessee, operator, owner and/or lessor of the Real Property, which is subject to this suit, and located at 12310 W Sunrise Blvd., Plantation, Florida 33322 (hereinafter referred to as Premise 1) and is the owner of the improvements where Premise 1 is located.

5. Upon information and belief, Defendant, Quarterdeck Sawgrass LC is the lessee, operator, owner and/or lessor of the Real Property, which is subject to this suit, and located at 2933 E. Las Olas Blvd., Fort Lauderdale, Florida 33316 (hereinafter referred to as Premise 2) and is the owner of the improvements where Premise 2 is located.

6. Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

7. Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. At the time of Plaintiff's visit to the Premise 1 on February 7, 2018 and Premise 2 on January 25, 2018 (Premise 1 and Premise 2 hereinafter referred to collectively as Premises), Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a fully accessible bathroom facilities, a continuous path of travel connecting all essential elements of the facility and the use of other means of accessibility for persons with disabilities. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the

facilities, services, goods, and amenities within the Premises, even though he would be classified as a "bona fide patron".

8. Plaintiff intends to return to the Premises and will avail himself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

10. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 9 above as if fully stated herein.

11. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA")), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

12. As stated in 42 U.S.C § 12101(a)(1)-(3),(5) and (9) Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary

  qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

 e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

13. As stated in 42 U.S.C. § 12101(b)(1)(2) and (4) Congress explicitly stated that the purpose of the ADA was to:

 a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

 b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

 c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

14. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The building and/or Premises, which are the subject of this action, is a public accommodation covered by the ADA and which must be in compliance therewith.

15.     Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

16.     Plaintiff has visited Premises and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

17.     Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis.  However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities.  Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

18.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Officer of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. See 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation. [1]

---

Effective April 1, 2014 the civil penalties were increased, based on inflation, from $55,000.00 to $75,000.00 for the first violation and from $110,000.00 to $150,000.00 for subsequent violations. See C.F.R. §§36 and 85.

19. Defendant, Quarterdeck Sawgrass LC is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

### Premise 1 (12310 W Sunrise Blvd.)

**Outdoor Seating:**

a. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

b. Failure to provide a sufficient dispersion of seating through the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Main Indoor Bar and Sushi Bar:**

a. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305, and 306.

b. Failure to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§ 902, 902.1 and 902.3.

c. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

d. Failure to provide a sufficient dispersion of seating through the facility when dining surfaces are provided for the consumption of food or drink

for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Restaurant Seating:**

    a. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

    b. Failure to provide a sufficient dispersion of seating through the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Men's restroom general:**

    a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

    b. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.

    c. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

    d. Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

**Men's restroom accessible stall:**

    a. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§ 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

    b. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

    c. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

    d. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

    e. Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 609, 609.4 and 609.7.

    f. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

20. Defendant, Quarterdeck Las Olas LC is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

## Premise 2 (2933 E Las Olas Blvd.)

**Parking:**

a. Providing any access aisle for parking that contains a ramp, obstruction or incorrect curb cut preventing an accessible route of travel for person(s) with a disability in violation of 2010 ADAAG §§ 502, 502.1 and 502.7.

b. Providing disabled parking spaces that are too short in violation of 2010 ADAAG §§ 208 and 502.

**Outdoor Seating:**

a. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

b. Failure to provide a sufficient dispersion of seating through the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Inside Bar and Sushi Bar:**

a. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305, and 306.

b. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

**Inside Seating:**

    a.  Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

    b.  Failure to provide a sufficient dispersion of seating through the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Men's restroom general:**

    a.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

    b.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

    c.  Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

    d.  Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 303.3, 606 and 606.2.

    e.  Failure to provide the correct opening width for a forward approach into a urinal, stall door or lavatory (sink) in violation of 2010 ADAAG §§ 305, 305.7.1, 404, 605.3 and 606.2.

**Men's restroom accessible stall:**

    a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or other obstruction that does not comply with the standards set forth in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.

    b. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§ 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

    c. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

    d. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

    e. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

    f. Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

    g. Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.

21.    To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraphs 19 and 20 herein.

22. Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

23. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

24. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

25. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C § 12205.

26. All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

27. In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraphs 19 and 20 herein can be applied to the 1991 ADAAG standards.

28. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Premise 1 owned, operated and/or controlled by Defendant Quarterdeck Sawgrass LC is in violation of the ADA;

2. That this Court declares that Premise 2 owned, operated and/or controlled by Defendant Quarterdeck Las Olas LC is in violation of the ADA;

3. That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

4. That this Court enter and Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Premises;

5. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

6. That this Court award such other and further relief as it may deem necessary, just and proper.

Dated this 6th , day of June 2018.

**FEINSTEIN & SOROTA, P.A**
Counsel for the Plaintiff
7901 SW 6th Court, Suite 305
Plantation, FL 33324
Tel:   (954) 617-1500
Fax:   (954) 617-4100

By: _/s/ Mark D. Feinstein_
Mark D. Feinstein, Esq.
Florida Bar No.: 444170
fspa@fspalaw.com

**LAW OFFICES OF NEIL S. ODESSKY, P.A.**
Counsel for the Plaintiff
7901 SW 6th Court, Suite 305
Plantation, FL 33324
Tel:   (954) 617-1100
Fax: (954) 617-1300

By: _/s/ Neil S. Odessky_
Neil S. Odessky, Esq.
Florida Bar No.: 354661
pleadings@nsolaw.com